IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN RAFFENSBERGER,<br>　　Plaintiff,<br><br>　　v.<br><br>SUSAN E. MOYER, ET AL.,<br>　　Defendants. | CIVIL ACTION<br><br>NO. 09-4758 |

## MEMORANDUM AND ORDER

Tucker, J.　　　　　　　　　　　　　　　　　　　　　　　March 29, 2010

Presently before this Court is the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") filed by Defendants Charles Haugh, Stephen Englert, and Joshua Rapp (Docs. 14-16) and Plaintiff's Response in Opposition thereto (Doc. 17). For the reasons stated below, the Court grants Defendants' Motion.

## BACKGROUND

Though Plaintiff's Complaint primarily contains legal argument, the Court has managed to extricate the following facts and construe them in the light most favorable to him.[1] The incidents giving rise to Plaintiff's Complaint occurred on February 27, 2002.[2] Plaintiff avers that on that day, Defendants contacted and "fed Plaintiff's parole officer third and fourth hand hear say [sic] information and anonymous information . . . [and used his] parole officer as a 'STALKING

---

[1] Federal courts "must construe pro se complaints liberally, and such complaints are held to less stringent standards than those drafted by attorneys." Bush v. City of Philadelphia, 367 F. Supp. 2d 722, 725 (E.D. Pa. 2005). See also Perlberger v. Caplan & Luber, LLP, 152 F. Supp. 2d 650, 653 (E.D. Pa. 2001) ("On a motion to dismiss, the district court must read a pro se plaintiff's allegations liberally and apply a less stringent standard to the pleadings or a pro se plaintiff than to a Complaint drafted by counsel"), aff'd mem. 52 F. App'x 188 (3d Cir. 2002).

[2] Notably, Plaintiff failed to indicate the date of the search and seizure in his Complaint; the public record, however, indicates that the search and subsequent arrest of Plaintiff took place on February 27, 2002.

-1-

HORSE' and 'POLICE AGENT'" to establish the probable cause required to search Plaintiff's property. (Compl. 8.) While searching Plaintiff's residence and garage, Defendants seized several firearms. (Compl. 13.) Plaintiff claims Defendants conducted the search without a warrant and that Defendants only obtained "a search warrant one (1) hour after" the search was completed. (Compl. 12). Plaintiff also avers that the firearms seized were "owned by other people," "stored in the out-building," and "locked away and out of plain view." (Compl. 13.)[3]

On November 6, 2009, Plaintiff filed a Complaint (Doc. 3) in federal court against Defendants seeking nominal, compensatory, and punitive damages in excess of $60 million dollars. Plaintiff claims Defendants' conduct on February 27, 2002 constituted an illegal search and seizure in violation of his Fourth Amendment rights under 42 U.S.C. § 1983 ("Section 1983").[4] On December 30, 2009, Defendants Haugh, Englert, and Rapp filed a Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(6). Plaintiff filed his Response in Opposition thereto on January 11, 2009. The court now addresses this pending motion.

## LEGAL STANDARD

Under Rule 12(b)(6), a motion to dismiss should be granted only if the court finds that the plaintiff cannot prove any set of facts which would entitle him to relief. Hishon v. King &

---

[3] Plaintiff was subsequently arrested, and on January 14, 2008, a jury convicted Plaintiff for illegal possession of firearms. Plaintiff is currently serving out his sentence.

[4] Plaintiff also alleged that on September 15, 2008, Defendant Assistant District Attorney Susan E. Moyer argued in her brief for the Appellee that Defendant Haugh "observed marijuana and marijuana seeds in the garage." Plaintiff claims that Ms. Moyer know that the statement was false and that by knowingly using false evidence, she violated Plaintiff's constitutional rights to due process and equal protection. In an Order issued on December 9, 2009 (Doc. 2), the Court dismissed Defendant Assistant District Attorney Susan E. Moyer from the case. The Court reasoned that the doctrine of absolute immunity shields prosecutors from liability for damages related to their official acts; therefore, Plaintiff's claims against Ms. Moyer were "legally frivolous" pursuant to 28 U.S.C. § 1915A(b)(2). On November 12, 2009, Plaintiff filed a Motion for Reconsideration (Doc. 6) regarding the dismissal of his claims against Ms. Moyer. The Court denied Plaintiff's Motion on December 9, 2009 (Doc. 12).

Spalding, 467 U.S. 69, 73 (1984). The question is not whether a plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support their claims. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). The Court must determine whether the plaintiff may be entitled to relief under any reasonable reading of the pleadings. Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993). Where the plaintiff is a *pro se*, the court must construe the complaint liberally. Bush, 367 F. Supp. 2d at 725. This more liberal standard of construction means that a *pro se* complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Haines v. Kerner, 404 U.S. 519, 520-21(1972). The complaint will be deemed to allege sufficient facts if it is adequate to "put the proper defendants on notice of the essential elements of plaintiffs' cause of action." District Council 47, AFSCME v. Bradley, 795 F.2d 310, 313 (3d Cir.1986). The moving party has the burden of persuasion. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

## DISCUSSION

Section 1983 is not a source of substantive rights; rather, it is "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." City of Monterey v. Del Monte Dunes, 526 U.S. 687, 749 n.9 (1999). Here, Plaintiff claims Defendants violated his Fourth Amendment right to be free from illegal searches and seizures guaranteed under Section 1983.[5] To prevail in an action under Section

---

[5] Under the Fourth Amendment, an individual's right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

1983, a plaintiff must prove: (1) a violation of a right secured by the Constitution and the laws of the United States and (2) that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Defendants now move this Court for dismissal of Plaintiff's action on three grounds: (1) the statute of limitations has lapsed; (2) Plaintiff is barred by the doctrine of collateral estoppel from re-litigating the constitutionality of the entry into his garage; and (3) Defendants acted pursuant to a valid search warrant. Because this Court will grant Defendants' Motion to Dismiss because the statute of limitations bars Plaintiff's Section 1983 claim, it is unnecessary to address the substance of the claim. For the same reason, the Court finds it unnecessary to discuss the issues of collateral estoppel or the validity of the search warrant raised in Defendants' motion.

### A. Statute of Limitations Analysis

Defendants argue that Plaintiff's claims are barred by the applicable two-year statute of limitations because the incident giving rise to Plaintiff's cause of action occurred on February 27, 2002. Thus, Defendants claim, Plaintiff had until February 27, 2004 to initiate his Section 1983 action. Plaintiff counters that the statute of limitations was not triggered "until litigation arose that an illegal act was committed" and "[s]uch litigation only arose on or about September 16, 2008 upon the filing of the Commonwealth's" brief in his criminal case.

Actions brought under Section 1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000) (citing Wilson v. Garcia, 471 U.S. at 276-80). In Pennsylvania, the statute of limitations for personal injury actions is two years. See 42 Pa. Cons. Stat. § 5524(2); Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985). "Although state law sets the applicable limitations

period, federal law dictates when a Section 1983 action accrues." MacNamara v. Hess, 67 Fed. App'x 139, 143 (3d Cir. 2003) (citing Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998)). For Section 1983 actions, the statute of limitations "'period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the . . . action'" MacNamara, 67 F. App'x at 143 (quoting Genty v. RTC, 937 F.2d 899, 919 (3d Cir. 1991)). See also Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

When the plaintiff alleges that he or she has been subjected to an unreasonable search and/or seizure conducted in the plaintiff's presence, courts will generally find that the plaintiff knew of the injury, and thus the cause of action accrued, on the day the search and/or seizure took place. See e.g., MacNamara, 67 F. App'x at 143; Elozua v. State of New Jersey, No. 04-2029 (MLC), 2008 WL 370926, at * 5 (D.N.J. Feb. 11, 2008) ("Plaintiffs' illegal search and seizure claim accrued on March 23, 1991, the date the incidents at issue here occurred, as plaintiffs were present and thus had knowledge of the alleged injuries as they occurred.").

For example, in McNamara, the plaintiffs claimed the defendants violated their Section 1983 Fourth Amendment rights by illegally searching their home and office and seizing various business records found therein on May 6, 1997. MacNamara, 67 F. App'x at 142. The plaintiffs' filed their Complaint on April 26, 1999. Id. The district court dismissed the plaintiff's claims as barred by the statute of limitations. Id. The Third Circuit Court of Appeals affirmed the district court's decision. Id. at 145. The Court of Appeals reasoned that because the search and seizure occurred on May 6, 1997 and the plaintiffs were present during the search, they had knowledge of the injury on that date. Id. at 143. As such, the Court held, the "Fourth-Amendment-based claim accrued on the same day as the allegedly unlawful search and seizure." Id.

Here, Plaintiff futilely tries to convince the Court that the statute of limitations period was not triggered until September 16, 2008 when the Commonwealth's filed its brief in his criminal case. The Court, however, finds Plaintiff's argument wholly without merit and agrees with Defendants contention that Plaintiff's claims are time barred. The incidents giving rise to Plaintiff's cause of action, specifically Defendants' entry into Plaintiff's garage and their subsequent seizure of the weapons found therein, occurred on February 27, 2002. Plaintiff unquestionably knew of his cause of action on that date because he was present at the time of the search and seizure. Thus, Plaintiff's cause of action accrued, and the statute of limitations began to run, from February 27, 2002. Plaintiff had until February 27, 2004 to file his Section 1983 civil rights action. Plaintiff did not, however, initiate his action until November 6, 2009, over seven years after the alleged illegal search and seizure took place and over five years after the limitations period expired.

## B. Inapplicability of Equitable Tolling

Relying on Lake, 232 F.3d at 372, Plaintiff urges the Court to find that he is entitled to the benefit of state tolling provisions applicable when a plaintiff reasonably does not know of the existence of a cause of action. Plaintiff's reliance on Lake, however, is misplaced.

Federal courts may toll statutes of limitations for federal laws in limited situations using the principles of equitable tolling.[6] See Lake, 232 F.3d at 370. "Equitable tolling stops the statute of limitations from running when the date on which the claim accrued has already passed." Id.

---

[6] The discovery rule also operates to toll the statute of limitations period during the time that an injury is undiscoverable through due diligence. See Gleeson v. Prevoznik, No. 06-4969, 2007 WL 3307211, at * 4 (3d Cir. Nov. 8, 2007) (citing Haines v. Jones, 830 A.2d 579, 585 (Pa. Super. 2003)). As Plaintiff's constitutional violations were apparent at the time of injury, the discovery rule is inapplicable here.

Equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claim in a timely manner but has done so in the wrong forum.

Id. at 370 n.9. In the Third Circuit, "[e]quitable tolling is an extraordinary remedy which should be extended only sparingly." Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005). Additionally, equitable tolling is "unavailable unless the plaintiff exercised due diligence in pursuing his claims." Huertas v. City of Philadelphia, 188 F. App'x 136, 138 (3d Cir. 2006).

It is apparent that none of the scenarios justifying equitable tolling apply to Plaintiff's case. Plaintiff has not filed his Complaint in the wrong forum. Plaintiff has not alleged, and nothing in the Complaint suggests, that Defendants induced or tricked him into believing that he had no claim or that Defendants prevented him from asserting his rights in a timely manner. Moreover, Plaintiff has failed to show that any extraordinary circumstance kept him from using due diligence to investigate and pursue his federal claim. As such, no basis exists for the Court to toll the statute of limitations and Plaintiff's claims must be dismissed as a matter of law.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims are time barred. Consequently, Defendants' Motion to Dismiss is granted.[7] An appropriate Order follows.

---

[7] The Court notes that granting any future request for leave to amend Plaintiff's Complaint would be futile. Plaintiff cannot amend the Complaint to state a claim on which relief could be granted because the case would be time-barred.